1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN LAMONT LEWIS,<br><br>        Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, Warden,<br><br>        Respondent. | Case No. EDCV 12-620 GHK(JC)<br><br>(~~PROPOSED~~) ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

_____

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections, some of which are further addressed below.

///

///

1	First, to the extent petitioner argues that the Court should grant him relief from his "procedural default," he is incorrect and mistakenly conflates inapplicable procedural default analysis with the applicable statute of limitations analysis. See, e.g., White v. Martel, 601 F.3d 882, 884 (9th Cir.) (per curiam) (habeas petitioner's reliance on inapplicable procedural default analysis in appealing statute of limitations dismissal misplaced) (citations omitted), cert. denied, 131 S. Ct. 332 (2010).

Second, to the extent petitioner asserts that he is entitled to equitable tolling based upon the alleged ineffective assistance of counsel which is the subject of one of his claims for relief in the Petition, he fails to demonstrate that such attorneys' failures, even assuming such failures constitute ineffective assistance, proximately caused him to file an untimely federal Petition, let alone that he exercised diligence in pursuing the matter. As discussed in the Report and Recommendation, the alleged misconduct by counsel occurred no later than the date on which petitioner's conviction became final and was known, or should have been known to petitioner had he exercised reasonable diligence, well before the expiration of the statute of limitations.

Third, to the extent petitioner argues that he is entitled to a delayed accrual date under 28 U.S.C. § 2244(d)(1)(D) because, in light of his asserted illiteracy, it took him five years to understand the law, the Court disagrees. As noted in the Report and Recommendation, under Section 2244(d)(1)(D), the statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when he learns the legal significance of those facts.

Finally, to the extent petitioner claims that he is entitled to an evidentiary hearing, the Court again disagrees. Even assuming the facts as alleged by petitioner are true (as opposed to the legal conclusions he makes based on such asserted facts), the Petition would still be untimely.

IT IS THEREFORE ORDERED that the Motion to Dismiss the Petition is granted and that Judgment be entered dismissing the Petition with prejudice as time-barred.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:     2/18/13

_____
HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE